IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA ROSARIO      )
                    )
Plaintiff,          )
                    )   Case No. 8:23cv176 TPB-CPT
v.                  )
                    )
JUSTIN THOMAS TOLSTON, AND )
STATE FARM MUTUAL   )
AUTOMOBILE INSURANCE )
COMPANY             )
                    )
Defendants.         )

NOTICE OF REMOVAL OF HILLSBOROUGH COUNTY COURT CASE
22-CA-008123 TO THE MIDDLE DISTRICT OF FLORIDA FEDERAL
COURT BASED ON DIVERSITY JURISIDICTION PURUSANT 28 U.S.C. §
1332 AND 28 U.S.C. § 1441

**COME NOW** *pro se* Defendant in this notice of removal of State of Florida Hillsborough County Court case 22-CA-008123, and filed contemporaneous with this notice of removal are: (1) a for leave of court motion to proceed forma pauperis; (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process, (3) a motion to dismiss and for entry of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join State Farm Mutual Automobile Insurance Company as an indispensable party; or alternatively, (4) a motion for leave of court to join Defendant State Farm Mutual Automobile Insurance Company pursuant to Federal Rule of Civil Procedure 19, (5)

1



a motion for leave of court to file third-party defendant claims for breach of their duty to defend, duty to indemnify, and for the bad-faith violation of their duty to settle; or in the second alternative, (6) a motion for declaratory judgment.

## INTRODUCTION

The instant matter arises out of a car accident on or about December 18, 2021, in which no party was transported to the hospital at the scene of the incident—and both parties involved in the accident drove away from the scene in their respective vehicles. The undersigned was cited with a traffic violation, that was ultimately dismissed. Instead of State Farm Mutual Automobile Insurance Company (hereafter "State Farm") upholding their legal and contractual obligations to defend and indemnify *pro se* Defendant as an agent of his policyholder-mother using her insured vehicle to transport a younger sibling, State Farm negligently refused to attempt to settle the claim in blatant violation of precedent established in *Harvey v. GEICO General Insurance Co.* thereby flagrantly violating public policy and warranting punitive damages.[1]

## STATEMENT OF RELEVANT FACTS

On September 23, 2022, a lawsuit pertaining to auto negligence was filed against the undersigned *pro se* Defendant. (Att. A, Hillsborough County Court File,

---

[1] *Harvey v. GEICO General Ins. Co.*, 259 So.3d 3, 4 (Fla. 2018) (holding "Almost four decades ago, we explained the law of bad faith and the good faith duty insurers owe to their insureds in handling their claims, which still holds true today.").

p. 1) On October 30, 2022, an affidavit of service was filed alleging the summons and complaint were served on October 25, 2022, at a residence that was not where *pro se* defendant was regularly residing at the time. (Att. A, p. 13; Att. D, p. 1)

On January 19, 2023, *pro se* Defendant received a letter via email from a State Farm agent informing the undersigned that a lawsuit had been filed in connection with the traffic accident on or about December 18, 2021. (Att. B, State Farm's January 19, 2023 Letter, p. 1) The letter questioned State Farm's contractual obligation to defend and indemnify the undersigned for an alleged failure to provide a copy of the summons and complaint. (Id.) However, at the time of the State Farm email, *pro se* Defendant was unaware that an active lawsuit was pending. Upon a diligent search of the Florida online court records on that same day, *pro se* defendant discovered the pending lawsuit.

*Pro se* Defendant immediately responded to the email on that same day, informing State Farm Mutual Automobile Insurance Company that *pro se* defendant was using the vehicle of the policyholder, Dr. Monique A. Tolston, *pro se* defendant's mother, and was returning from having transported the defendant's little sister to the airport on the day of the accident. (Att. C, *Pro se* Defendant's Response to State Farm Letter) *Pro se* defendant also informed State Farm via email that failure to indemnify would result in filing a motion to remove the action to federal

3

court and result in the filing of third-party defendant claims directed at State Farm for the failure to indemnify, defend, and settle. (Id.)

## DISCUSSION

The instant notice of removal by *pro se* Defendant will only focus on the analysis by which removal to the Middle District of Florida is appropriate. However, filed contemporaneous with this notice are two motions to dismiss for insufficiency of service of process, and via a judgment on the pleadings for failure of the plaintiff to join an indispensable party. Submitted with the motions to dismiss are motions for leave of court in the alternative for *pro se* Defendant to join State Farm as a defendant and for leave of court to file third-party defendant claims against the insurance company. For judicial economy and to decrease duplicity: the facts, arguments, and authority outlined in the contemporaneously filed motions for are incorporated by this reference.

I. **Removal To The Middle District of Florida Is Appropriate Because There is Complete Diversity Among All Parties And The Aggregate Amount In Controversy Exceeds $75,000 When Including The Third-Party Defendant Claims Against Defendant State Farm Mutual Automobile Insurance Company**

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, removal to the Middle District of Florida Federal Court is proper as the Court has original jurisdiction based on diversity jurisdiction0 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

4

A state court civil case may be removed to federal court via 28 U.S.C. § 1441, which states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[2] Under the subsection entitled: "Removal Based on Diversity Of Citizenship" the statute states in relevant part: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]

The right to access to federal courts via diversity jurisdiction is outlined in 28 U.S.C. § 1332 which states: "The district courts shall have original jurisdiction on all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and between (1): citizens of different states[.]"[4] The federal statute also states: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any **direct action** against the insurer of a policy or contract of liability insurance, whether incorporated

---

[2] 28 U.S.C. 1441(a).
[3] 28 U.S.C. 1441(b)(2).
[4] 28 U.S.C. 1332(a)(1).

or unincorporated to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business[.] (emphasis added)"[5]

Here, State Farm is not the subject of a direct action by virtue of the Plaintiff fatally failing to join the indispensable party as a defendant and instead the insurance provider is the subject of indirect third-party defendant actions by the undersigned *pro se* defendant.

Furthermore, on diversity jurisdiction, the Supreme Court in *Owen Equipment & Recrection Co. v. Kroger,* noted "ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court...Congress has established the basic rule that diversity jurisdiction exists under 28 U. S. C. § 1332 only when there is complete diversity of citizenship."[6]

It is well-settled that "Federal diversity jurisdiction pursuant to 28 U.S.C. 1332 exists only when there is complete diversity between the plaintiffs and the

---

[5] 28 U.S.C. 1332(c)(1)(A)-(C).
[6] Owen Equip. & Erection Co. v . Kroger, 437 U.S. 367, 376-77 (1978).

defendants and the matter in controversy exceeds the sum or value of $75,000."[7] As "the party invoking federal jurisdiction the burden is on Defendant to establish diversity jurisdiction as of the date. *Pretka v. Kolter City Plaza II, Inc.*, 680 F.3d 747, 751 (11th Cir. 2010). Defendant's burden is to prove federal jurisdiction exists by a preponderance of the evidence through the presentation of facts establishing its right to remove."[8]

Here, the diversity of the parties is apparent as the undersigned defendant currently resides in the State of Georgia (Att. D, p. 1); Defendant State Farm Mutual Automobile Insurance Company has headquarters, and its principal place of business is located at 1 State Farm Plaza, Bloomington, Illinois as identified by the letter sent to *pro se* Defendant (Att. B, p. 1); and the plaintiff is a citizen of the State of Florida as indicated in the original complaint. (Att. A, p. 1) Including the third-party defendant claims outlined in the contemporaneously filed motion for leave of court to file third-party defendant claims against State Farm for breach of various duties, the aggregate amount in controversy exceeds $75,000.[9]

## II. *Pro se* Defendant Followed The Proper Procedural Steps To Remove The Instant Matter From State Court

---

[7] *Progressive Select Ins. Co. v. Rafferty*, 6-19-cv-566-Orl-37EJK (M. D. Fl. Jan. 29, 2021) (citing *Owens*, 437 U.S. 373).

[8] *Rising Star Roofing, LLC v. Wilshire Ins. Co.*, (M. D. Fla. July 1, 2019) (citing *Williams v. Best Buy Co, Inc.*, 269 F.3d 1317, 1319 (11th Cir. 2011).

[9] *See Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1357 (S. D. Fla. May 15, 1998) (punitive damages and prior assessments were considered as part of jurisdiction amount).

Defendant has taken the proper procedural steps to formally remove the state court action to federal court at first instance and without delay. As discussed in the accompanying motion to dismiss for insufficiency service of process, *pro se* Defendant was never served with a copy of the summons and complaint, and only became aware of the action on January 19, 2023. Without delay and at the first instance, *pro se* defendant diligently sought to remove the action.

Middle District of Florida of Local Rule 1.06, entitled "Removal of an Action from State Court" states: "(a) The clerk must docket a removed action in the division that includes the county from which the party removed the action. (b) The removing party must file with the notice of removal a legible copy of each paper docketed in the state court. (c) A motion pending in state court and not refiled within twenty-one days after removal and in compliance with these rules is denied without prejudice."[10] Here, submitted attached with the instant filing is the complete set of filings submitted to the Hillsborough County Court to date, including the notice of removal and a pending motion to set aside an entry of default judgment. (Att. A, *generally*)

## **CONCLUSION**

*Pro se* defendant, by a preponderance of the evidence has shown: 1) Complete diversity exists between the parties; 2) State Farm is the subject of indirect actions

---

[10] M. D. Fla. L. R. 1.06.

via third-party defendant claims; and 3) The amount in controversy exceeds $75,000—therefore, removal of Hillsborough County Court 22-CA-008123 to the Middle District of Florida District Court, Tampa Division, is proper and just. However, should State Farm prudently perform their duties to defend, indemnify, and attempt to settle this relatively minor traffic accident—the need for the Court to render judgment will be mooted.

Respectfully,

Justin Thomas Tolston, JD LLM
justin.tolston@einji.org
4900 Delano Road Apt 14A
College Park, GA 30349
402.889.9800
*Pro se* Defendant